## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

DOMINIC VARGAS and )
ANNE HICKOK )
  )
    Plaintiffs, )
  )
v. )    Case No.2:10-cv-00867
  )
GENERAL NUTRITION )
CENTERS, INC. and  GENERAL )
NUTRITION CORPORATION )
  )
    Defendants. )
_____)

## DEFENDANTS' OPPOSITION TO PLAINTIFFS'
## MOTION TO TOLL THE STATUTE OF LIMITATIONS

Defendants General Nutrition Corporation and General Nutrition Companies, Inc. (collectively "GNC" or the "Company"), by undersigned counsel, oppose Plaintiff Dominic Vargas' and Anne Hickok's (collectively "Plaintiffs") Motion to Toll the Statute of Limitations and state as follows:

### I.   Introduction

The Fair Labor Standards Act ("FLSA") has a maximum statute of limitations of three years from the date a party joins a lawsuit.  The statute also adopts an opt-in class mechanism and unambiguously provides that an opt-in plaintiff does not become a party until he or she affirmatively opts into the litigation.  It is black letter law that until that time, an opt-in plaintiff's statute of limitations period continues to run.  In this case, any putative plaintiff who has not worked for GNC within the past three years, therefore, necessarily does not have a viable, non-time-barred claim.

With their motion, Plaintiffs seek to turn the FLSA's express statutory scheme on its head.  They do not contest either the limitations period or the statutory scheme.  Instead, they ask

this Court to ignore the statutory language and "equitably toll" the limitations period even though no justification exists for such tolling exists. Defendants certainly have not concealed potential claims from the putative class, Plaintiffs' counsel has not engaged in extreme neglect, and none of the other "extraordinary circumstances" recognized by the Third Circuit exist. Instead, Plaintiffs' counsel made the strategic decision to wait more than a year to file their motion for conditional certification. That decision may have been reasonable, but it does not justify jettisoning unambiguous statutory provisions. Indeed, tolling the statute of limitations in this case would effectively substitute this Court's notions of an appropriate limitations and joinder scheme for that of the legislature. Such action far exceeds the permissible bounds of the permissible tolling. Accordingly, the putative class should be held to the statute's clear and unambiguous standard, and Plaintiff's motions should be denied.

## II.    Argument

### A. The FLSA Provides for a Maximum Statute of Limitations Period and a Statutory Scheme That Does Not Stop the Limitations Period Until a Party Affirmatively Opts Into the Litigation.

The FLSA's unambiguous statutory language mandates a statute of limitations period for FLSA claims. Section 255 expressly provides that a plaintiff must bring suit within two years after the cause of action accrued for non-willful violations and within three years for willful violations. 29 U.S.C. §255(a). Any claim not brought within the requisite time frame "shall be forever barred." *Id.*

The FLSA's statutory language also expressly adopts its own opt-in mechanism for class claims as opposed to the "opt out" mechanism detailed in Rule 23 of the Federal Rules of Civil Procedure. *See* 29 U.S.C. § 216(b). Pursuant to this statutory scheme, "[n]o employee shall be a party plaintiff to any such action [collective action] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

2

Consequently, every member of a collective action, including any named plaintiff, must file a consent with the trial court in order to be a party to the litigation. *See* 29 U.S.C. §§ 216(b), 256; *Matuska v. NMTC, Inc.*, No. 10-3529, 2012 U.S. Dist. LEXIS 59875, at *7-8 (D.N.J. Apr. 30, 2012) (barring the named plaintiffs' claims where they failed to file their written consent with the court). Until a plaintiff files his or her consent and becomes a party, the statute of limitations continues to run. 29 U.S.C. § 256; *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 256 n.11 (3d Cir. 2012); *Harkins v. Riverboat Servs.*, 385 F.3d 1099, 1101 (7th Cir. 2004); *Grayson v. K-Mart*, 79 F.3d 1086, 1105-06 (11th Cir. 1996).

As the Eleventh Circuit has noted, Congress did not make these legislative decisions lightly. To the contrary, "[i]n [amending §216(b)], Congress expressed the concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint." *Grayson*, 79 F.3d at 1105-06. In this case, therefore, the claims of any putative plaintiff who does not file a consent with the court within three (3) years of his or her last date of employment with GNC or last date of working as a Store Manager are time barred.

### B. The Limited Doctrine of Equitable Tolling Is Not Applicable in This Case.

Plaintiffs do not—and indeed cannot—contest the FLSA's statutory language and scheme. They admit that, under the FLSA's terms, any putative plaintiff who does not opt into the litigation within three years of his or her last date of employment with GNC does not have a viable claim. Plaintiffs, however, seek to evade the plain statutory language by requesting that the Court substitute its notions of propriety for that of the legislature and "equitably toll" the limitations period the statute enacted. Plaintiffs' request lacks merit.

1.  **The Third Circuit Only Permits Equitable Tolling in Extraordinary Circumstances.**

Statutes of limitations serve an important function and may not be disregarded lightly. Yet, that is what Plaintiffs propose in this case. They request that the FLSA's unambiguous statute of limitations be adjusted by this Court in a routine FLSA case and not in any unusual or extraordinary circumstances. In short, they seek to make equitable tolling the rule and not an extraordinary exception.

The United States Supreme Court has stressed that statutes of limitations are primarily designed to "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Burnett v. New York C. R. Co.*, 380 U.S. 424, 428 (1965). Moreover, where Congress has expressly stated the statute of limitations in a federal action, it has balanced the competing interests of the parties, and its determination should not be disregarded. *Lonchar v. Thomas*, 517 U.S. 314, 327 (1996) (explaining that federal courts cannot undermine "through the exercise of background equitable powers" the balancing of interests undertaken by Congress in enacting statutory limitations periods). When Congress "has stepped in to balance the competing interests . . . courts should be loath to evade that balance." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 298-299 (5th Cir. 1998).

Given this balancing and the prejudice that will result to defendants if such statutory language is ignored, the doctrine of "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not [as] a cure-all for an entirely commons state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). Consistent with the Supreme Court's admonishment, the Third Circuit only permits a court to equitably toll a statute of limitations in "extraordinary circumstances." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007). Indeed, the Third Circuit has

repeatedly noted that "[t]he remedy of equitable tolling is extraordinary, and we extend it 'only sparingly.'" *Kach v. Hose*, 589 F.3d 626, 645 (3d Cir. 2009). Equitable tolling is only permitted in this circuit where a plaintiff can meet its burden and establish that: (1) the defendant engaged in affirmative acts of concealment to mislead the plaintiff regarding facts supporting her claim; (2) the plaintiff "in some extraordinary way" was prevented from asserting her rights; (3) the plaintiff timely asserted her rights in the wrong forum; or (4) extreme attorney neglect. *Bailey v. Viacom Inc.*, 435 Fed. Appx. 85, 90 (3d Cir. 2011); *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997); *Ruehl*, 500 F.3d at 384-85; *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240-41 (3d Cir. 1999).

With the doctrine's limited parameters, the Third Circuit—contrary to Plaintiffs' unsupported contention in their brief—does not grant trial courts discretion to apply equitable tolling. To the contrary, the Third Circuit "exercise[s] plenary review over the District Court's choice and interpretation of applicable tolling principles and its conclusion that facts permit equitable tolling of the statute of limitations." *Ruehl*, 500 F.3d at 380 n.6 (citing *Ebbert v. Daimler Chrysler Corp.*, 319 F.3d 103, 118 (3d Cir. 2003)). A court must identify one of the "extraordinary circumstances" recognized by the Third Circuit as potentially justifying equitable tolling before a court may take equity into account. *Donovan v. Henderson*, 45 Fed. Appx. 178, 179-80 (3d Cir. 2002). Equitable considerations, standing alone, are insufficient to warrant equitable tolling; rather, a plaintiff must establish one of the grounds for tolling before equity can be taken into account. *Id.* The Third Circuit even will hear interlocutory appeals from trial court rejections of a defendant's motions for summary judgment on claims barred by a statute of limitations and reverse the trial court if it finds no basis for equitable tolling. *Ruehl*, 500 F.3d at 384-85, 390.

The Third Circuit's decision in *Ruehl v. Viacom* epitomizes the extremely limited circumstances in which a court properly may engage in equitable tolling. That case involved a collective action under the Age Discrimination in Employment Act ("ADEA") which statutorily adopted the FLSA's statute of limitations and collective action mechanism. 500 F.3d at 378-79. The employer failed to provide the untimely plaintiffs with information regarding the ages of other employees affected by the employment decision as required by the Older Workers Benefit Protection Act ("OWBA"). *Id.* at 381. As a result, the plaintiffs argued that this failure to comply with the OWBPA actively misled them about facts supporting their ADEA claims and justified equitable tolling. *Id.* at 384.

Based on the OWBPA failure, the trial court in *Ruehl* rejected the defendant's motion for summary judgment regarding the statute of limitations issue. *Id.* at 383. The employer appealed that decision with an interlocutory appeal, and the Third Circuit reversed the trial court. *Id.* In so doing, the Third Circuit ruled that the OWBPA failure was at most misleading regarding the law, but not the facts. *Id.* at 384. The Court further held "no one can be deceived by a misrepresentation of law because everyone has access to the law" and that the plaintiff would have discovered that mistake had he been diligent. *Id.* The Court, therefore, held that the trial court committed reversible error by denying the employer's motion for summary judgment and requiring that the trial court enter judgment on remand. *Id.* at 390.

Clearly, equitable tolling cannot be lightly inferred. A court only has discretion to consider such a doctrine if the plaintiff demonstrates that one of the "extraordinary circumstances" recognized by the Third Circuit is present. No such circumstances exist in this case.

## 2. **Extraordinary Circumstances Are Not Present in This Case.**

None of these limited circumstances necessary for potential equitable tolling are present in this case. Instead, this case has progressed as many putative FLSA collective actions progress.

GNC certainly has not engaged in any conduct that could have misled putative plaintiffs about facts supporting their FLSA claims. Indeed, Plaintiffs admit as much in their brief. (Pl's Opp'n, ECF No. 113 at 11) (acknowledging that plaintiffs have not alleged that GNC prevented the filing of an FLSA complaint); (*id.* at 14) ("Plaintiffs are not 'pointing a finger' at anyone and least of all the Defendants in this case").[1]

Regardless, GNC undisputedly provides all of its employees including putative opt-in plaintiffs numerous reminders that both the FLSA and GNC policy required that non-exempt employees be paid for all hours work and that they receive overtime for all hours worked over 40 in a week.[2] Tellingly, Plaintiffs' claim is that GNC has not followed its stated and repeatedly disseminated policies that adhered to the FLSA. Therefore, rather than mislead putative opt-in plaintiffs, GNC has affirmatively reinforced their FLSA rights and also stressed that Company policy requires adherence to those rights. Accordingly, throughout the relevant period and continuing to the present, all putative plaintiffs have been aware of their rights.

---

[1] To the extent Plaintiffs assert that GNC waived its statute of limitations defense, this assertion is disingenuous. In its answer to the operative complaint GNC asserted an affirmative defense that "the claims of the putative collective action participants, in whole or in part, are barred by the applicable statute of limitations." (Answer to First Amended Complaint, ECF No. 17, at 8). As such, GNC has expressly preserved the right to raise the statute of limitations defense with respect to any putative opt-in plaintiff. Plaintiffs have failed to cite, nor has GNC been able to locate, any decision holding that a defendant may waive its statute of limitations defense by not objecting to a proposed class definition. Thus, Plaintiffs' purported waiver argument is without merit.

[2] GNC's Opposition to Plaintiffs' Motion for Conditional Certification details the numerous ways that GNC informs all employees of its policy that all work be on-the-clock and that non-exempt employees receive overtime when they work more than 40 hours in one week.

As Congress intended, the putative plaintiffs have been aware of their rights. They must act as the master of their own action. If they believed that GNC's actions violated the FLSA and GNC's own policies, the statue clearly requires that they take action to pursue their claim before the statutory limitations period runs.

Plaintiffs similarly do not allege any other type of extraordinary circumstance recognized by the Third Circuit. The putative opt-in class members have not been prevented "in some extraordinary way" from asserting their rights, and they have not asserted their rights in the wrong forum. Likewise, Plaintiffs have not made any claims of extreme neglect by counsel, though Plaintiffs' counsel inexplicably cites a number of extreme neglect cases in its brief. In short, this case has progressed as an ordinary collective action. Importantly, throughout the existence of this case, the putative class members have been free to pursue any claims they might have, just as the statute intended.

In their brief, Plaintiffs allude to the passage of time between the filing of their complaint and this Court's granting of conditional certification. Even were it somehow unusual, that passage of time cannot justify ignoring the statute of limitations. Plaintiffs could have moved for conditional certification at the time they filed their complaint as many plaintiffs do. Instead, over GNC's objections, Plaintiffs elected to wait and conduct months of discovery before moving for conditional certification. GNC, in contrast, sought to have Plaintiffs move for conditional certification at the earliest possible time. The decision to delay seeking certification may have made strategic sense for Plaintiffs. They, for example, may not have had the evidence to support their class claims at the time they filed their complaint. It, however, should not result in a windfall for them or extreme prejudice for GNC. Yet, such a result would occur if the Court tolled the statute of limitations.

A decision to toll in this case would be anything but equitable.  Plaintiffs cannot seek equitable tolling where they have failed to diligently preserve the putative class' claims. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").  In this case, equitable tolling would result in a windfall to Plaintiffs of a putative class approximately two years larger than they would have had had they promptly sought conditional certification.

Inversely, such a decision would significantly prejudice GNC, which unquestionably has not engaged in any inappropriate conduct and who tried to have conditional certification decided at the earliest possible time.  In short, a tolling of the statue would destroy the balance Congress elected in the FLSA and subject GNC to the type of "surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared" that Congress sought to protect against when creating the statutory cause of action.  *See Burnett v. New York C. R. Co.*, 380 U.S. 424, 428 (1965).

GNC's prejudice would be particularly severe in this case.  The conditionally certified class includes thousands of current and former employees spread across a wide geographic area, almost two thousand stores, and numerous Regional Sales Directors ("RSDs").  If the statute of limitations was tolled, GNC could be confronted with claims dating back five years.  During that time, stores that existed in 2007 or 2008 or 2009 have closed.  RSDs, co-workers, and others have stopped working for GNC.  Those that do remain with GNC may not remember incidents that old.  These are the very types of situations that the statute of limitations sought to protect against.

In contrast, the members of the putative opt-in class—even those whose claims are barred by the statute of limitations—experience no prejudice from the statute's application.  As detailed

above, they have been aware of the facts supporting their claims, if any. They, like every other person subject to the FLSA, had an obligation to bring such claims before the statutory period ran. As the Eleventh Circuit has noted, Congress intentionally elected for the FLSA to have a different class action scheme than Rule 23 and for putative plaintiffs to have the obligation to take their own action before the limitations period stopped running. *Grayson*, 79 F.3d at 1105-06. A decision to toll in this case would grant them a windfall the statute never intended.

Courts within the Third Circuit that consider such justifications for tolling have flatly rejected them. Indeed, federal courts in Pennsylvania held that the mere passage of time does not render the circumstances "extraordinary." *See Titchenell v. Apria Healthcare, Inc.*, No. 11-563, 2012 U.S. Dist. LEXIS 122759, at *22-25 (E.D. Pa. Aug. 29, 2012); *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. 2008) (finding that "the delay notifying prospective plaintiffs that might be engendered by FedEx Freight's motion is not an extraordinary circumstance that warrants equitable tolling"); *De Asencio v. Tyson Foods, Inc.*, No. 00-CV-4294, 2002 U.S. Dist. LEXIS 14413, at *8 (E.D. Pa. Aug. 6, 2002) (finding that delay in sending out notice was not enough to toll the statute of limitations for FLSA claims). Contrary to the assertion in Plaintiffs' brief, the *Titchenell* court held that **"notice should be sent to individuals who worked in the relevant job titles for defendant within *the three-year period before the date the notice is issued*"**—the very limitation GNC seeks in this case. 2012 U.S. Dist. LEXIS 122759, at *25 (emphasis added).

Given the lack of any extraordinary circumstances in this case, a tolling decision would not be equitable. Instead, it would obliterate the balance deliberately struck by the statute and would substitute the Court's views on an appropriate limitations for that established in the statute. That far exceeds the type of unusual situation that the Third Circuit requires before a

court can consider equitable tolling.

### 3. Plaintiffs Provide No Case Law Support From This Circuit Equitably Tolling an FLSA Collective Action.

Plaintiffs do not cite any case law from this circuit supporting the massive expansion of equitable tolling that they propose.[3] They cannot cite any Third Circuit decision that even arguably approves of equitable tolling in a situation similar to the present case. Plaintiffs cite *Symczk v. Genesis Healthcare Corp.*, 656 F.3d 189, 199 (3dCir. 2001) as support for the proposition that this Court "has clear authority" to toll the statute of limitations. (Pl's Opp'n, ECF No. 113 at 6). *Symczk*, however, does not even address equitable tolling. Instead, it focuses solely on relating a named plaintiff's motion to certify back to filing of the complaint to prevent a defendant from effectively defeating certification by issuing the plaintiff a Rule 68 offer before she has moved for conditional certification. 656 F.3d at 190. The putative opt-in class remains bound by the FLSA's statute of limitations. Accordingly, the case does not in any way support Plaintiffs' contention.

The two other Third Circuit cases referenced by Plaintiffs are similarly inapposite. Like *Smyczk*, *De Ascencio v. Tysons Foods*, 342 F.3d 301 (3d Cir. 2003), did not involve equitable tolling. Instead, the court held that the district court had the ability to re-open the opt-in period under the unusual circumstances of notice not be provided to a significant portion of the putative class. *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999), involved a case of extreme attorney neglect by plaintiff's counsel. As that is not an issue in this case, it has little bearing. The decision certainly does not support the massive expansion of the equitable tolling doctrine to a normal FLSA collective action.

---

[3] Given that there is no support for Plaintiffs' expansive reading of equitable tolling in the Third Circuit, Plaintiffs are forced to go outside of the Third Circuit. However, the cases relied upon by Plaintiffs are inapposite. They apply different standards for equitable tolling than established by the Third Circuit and are factually distinguishable from the present case.

Beyond this glaring dearth of Third Circuit support, Plaintiffs also do not cite to any supporting district court decisions within the circuit. They make much of the "decision" in *Taylor v. Pittsburgh Mercy Health Sys.*, No. 09-377, 2009 U.S. Dist. LEXIS 40080 (W.D. Pa. May 11, 2009). They, however, neglect to note that the court in *Taylor* **did not** approve equitable tolling. Indeed, it strains credulity to even classify the cited matter as a decision at all. Judge Bissoon expressly states that the court is not prepared to issue a decision and instructs the parties to appear at a subsequent status conference to argue the issue. As far as GNC can discern, Judge Bissoon never tolled the statue of limitations.

Regardless, *Taylor* involved a situation directly contrary to the present case. There, the defendant actively requested that the court prevent the plaintiff from moving for conditional certification until a later date. The defendant, and not the plaintiff, raised the issue of possible tolling to support its effort to delay a hearing on conditional certification. Here, Plaintiffs remained masters of their complaint and their motion for conditional certification. Unlike the *Taylor* defendant, GNC actively sought to have Plaintiffs move for conditional certification before engaging in extensive discovery. The situation confronted by Judge Bissoon and on which she never issued an opinion, therefore, differed diametrically from that involved in this case.

Plaintiffs' forced reliance on inapposite cases and non-decisions speaks volumes about the merit of their request for tolling. Equitable tolling in this case would far exceed the permissible boundaries established by the Third Circuit. It would move the doctrine beyond the "extraordinary circumstances" required by the Third Circuit into the realm of standard, run-of-the-mill collective actions. If so enlarged, the doctrine effectively would substitute this new standard for the FLSA's unambiguous statutory scheme and language. Such an extension is not

proper.  Accordingly, Plaintiffs' motion should be denied.

### III.   Conclusion

For the foregoing reasons, Defendants General Nutrition Corporation and General

Nutrition Companies, Inc. respectfully request that this Court deny Plaintiffs' Motion to Toll the

Statute of Limitations.

Respectfully submitted,


/s/ Brad A. Funari

Brad A. Funari
Pa. Id. No. 89575
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, Pennsylvania  15222
(412) 667-6000
bfunari@mcguirewoods.com
gschmidt@mcguirewoods.com

Christopher M. Michalik
Admitted *Pro hac vice*
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA  23219
(804) 775-4343
cmichalik@mcguirewoods.com

*Counsel for Defendants*

Dated:  September 21, 2012

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document

has been served upon the following counsel of record the Court's ECF system this 21st day of

September 2012:

Adrian N. Roe, Esq.
Adrian N. Roe P.C.
Suite 1331 The Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
(412) 434-8187
aroe@roelawoffice.com

Michael D. Simon, Esq.
2520 Mosside Boulevard
Monroeville, PA 15146
(412) 856-8107
Mdsimon20@msn.com


_____/s/ Brad A. Funari_____

\41812044.2