IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIC VARGAS and <br> ANNE HICKOK <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL NUTRITION <br> CENTERS, INC. and GENERAL <br> NUTRITION CORPORATION <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.2:10-cv-00867 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL BRIEF
REQUESTING THE POSTING OF NOTICES**

Defendants General Nutrition Corporation and General Nutrition Companies, Inc. (collectively "GNC" or the "Company"), by undersigned counsel, submit this response in opposition to plaintiff's Supplemental Brief Regarding Clarification of Conditional Certification Order requesting the posting of notices, and state as follows:

### I. Introduction

In their Supplemental Brief Regarding Clarification of Conditional Certification Order, Plaintiffs, *for the first time*, requested that the notice of this litigation be provided by posting. They did not make such a request in their motion for conditional certification, in discussions with GNC's counsel following this Court's August 16, 2012 order granting in part their motion for conditional certification, or at the September 6, 2012 status conference where disagreements between the parties regarding notice and other issues were discussed. After the status conference, this Court accordingly requested that the parties brief the appropriateness of: (1) forcing GNC to provide Plaintiffs' counsel with the e-mail addresses for putative opt-in

plaintiffs; and (2) providing multiple notices to the putative opt-in plaintiffs. This Court did not address notice by posting because Plaintiffs had not requested such notice.

Pursuant to this Court's order, GNC filed a supplemental brief addressing the issues dictated by the Court. (ECF No. 115). In response to GNC's brief, Plaintiffs first raised the issue of notice by posting at GNC stores. For the reasons detailed below and in GNC's previous pleadings, notice through such means is not warranted in this case and would be inappropriate. Instead, as numerous courts have held, the provision of one notice via mail best balances this Court's obligation to neutrally manage the notification process. As with Plaintiffs' other requests for other forms or numbers of notification, their belated request for the posting of notice also should be denied.

## II. Notification By Mail Best Balances This Court's Obligations

As set forth in GNC's Supplemental Brief, courts in collective actions typically provide for notice via first class mail only. *See Kuznyetsov v. W. Penn Allegheny Health Sys.*, No. 2:09-cv-00379, 2009 U.S. Dist. LEXIS 47163, at *17-18 (W.D. Pa. June 1, 2009) (limiting notification of collective action to first-class mail only); *Steinberg v. TD Bank, N.A.*, No. 10-CV-5600, 2012 U.S. Dist. LEXIS 89086, at *18-19 (D.N.J. June 27, 2012) (explaining that first class mail is sufficient); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) (rejecting alternative forms of notice where first class mailing was sufficient); *see also Espenscheid v. DirectSat USA, LLC*, No. 09-cv-625, 2010 U.S. Dist. LEXIS 55578, at *39-41 (W.D. Wis. June 4, 2010) (following *Reab*); *Hinterberger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 U.S. Dist. LEXIS 97944, at *40-42 (W.D.N.Y. Oct. 20, 2009) (same); *Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 U.S. Dist. LEXIS 95729, at *35-36 (W.D.N.Y. Oct. 13, 2009) (same).

In so doing, these courts have recognized that such notice best balances best balances the various case-management considerations courts face and is unquestionably the preferred method for notice. Specifically, first class mailing "provides a controlled method by which individual notification can be provided through a reliable process" and "ensures the integrity of a judicially controlled communication directed to the intended audience." *Reab*, 214 F.R.D. at 630; *see also, Sharer v. Tandberg, Inc.*, No. 1:06cv626(JCC), 2006 U.S. Dist. LEXIS 75357, at * 9 (E.D. Va. Oct. 17, 2006) ("[P]roper notice can be given by first-class mail"); *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-CV-1182-M, 2002 U.S. Dist. LEXIS 9099, at *6 (N.D. Tex. May 21, 2002); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319 (1950) ("[T]he mails today are recognized as an efficient and inexpensive means of communication.").

Federal courts in Pennsylvania are no different. In *Kuznyetsov v. W. Penn Allegheny Health Sys.*, No. 2:09-cv-00379, 2009 U.S. Dist. LEXIS 47163, at *17-18 (W.D. Pa. June 1, 2009), for example, Judge Ambrose rejected the plaintiffs' request for additional forms of notice and explicitly held that "first-class mail is appropriate as the **sole** form of notice." (emphasis added). Similarly, the court in *Gallagher v. Lackawanna County*, No. 3:CV-07-0912, 2008 U.S. Dist. LEXIS, at *32 (M.D. Pa. May 30, 2008), held that "notice by mail is the most efficient means to notify prospective plaintiffs. . . ."

Given the proven efficiency, fairness and reliability of notice through first class mail, courts routinely reject requests for notice by posting absent unusual circumstances not present here. Courts have held that notice through posting would be excessive, prejudicial, unfair, and redundant. *See Steinberg*, 2012 U.S. Dist. LEXIS 89086, at *29-32 (denying the plaintiffs' request for the defendant to post notice because it would be "excessive and unfairly prejudicial"); *Owen v. West Travel, Inc.*, No. C03-0659Z, 2003 U.S. Dist. LEXIS 26212, at *27-28 (W.D.

3

Wash. 2003) (denying the plaintiff's request that the defendant post notice as redundant). In *Owen*, the court held that posting the notice "would unfairly publicize yet unproven allegations about [the employer] to [its] customers." 2003 U.S. Dist. LEXIS 26212, at *28. Indeed, in *Kuznyetsov*, the court expressly rejected the plaintiffs' request for notice through posting as inappropriate.

The inappropriateness of posting is particularly apparent in this case. As an initial matter, Plaintiffs have not provided any argument detailing alleged insufficiencies of notice through mail in notifying the putative opt-in class or how the posting of notice would be needed to remedy. In contrast, as the courts have recognized, the requirement of posting unquestionably would have negative effects on GNC. The *Owen* court, for example, noted that such notice "would unfairly publicize yet unproven allegations about [the employer] to [its] customers." 2003 U.S. Dist. LEXIS 26212, at *28. Also, the posted notice would sow confusion by reaching individuals beyond the putative class, such as assistant store managers and sales associates. In short, it would epitomize the type of redundant, excessive, prejudicial, and unfair notice courts repeatedly have rejected.

Finally, requiring GNC to post notice in the thousands of stores in Divisions 1 and 2 would improperly shift the cost of providing notice from plaintiffs to GNC. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 359 (1978) (explaining the general rule "that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action"). As numerous courts have determined, the provision of one notice sent by first-class mail best balances the various case management considerations courts face in putative collective actions. Moreover, there are no benefits to be gained by posting notice in GNC stores while there are significant disadvantages to such posting. Balancing these

concerns weighs in favor of denying plaintiffs' request for posting notice. Accordingly, judicial economy and fairness dictates that one court approved notice be provided via U.S. mail.

## Conclusion

For all of the foregoing reasons, defendants request that the Court deny plaintiffs' request for posting of notices in GNC stores and order that a single notice sent by first-class mail is the sole and proper form of notice in this case.

Dated: October 5, 2012                                   Respectfully submitted,

                                                         ___/s/ Brad A. Funari___
                                                         Brad A. Funari
                                                         Pa. Id. No. 89575
                                                         McGuireWoods LLP
                                                         625 Liberty Avenue, 23rd Floor
                                                         Pittsburgh, Pennsylvania 15222
                                                         (412) 667-6000
                                                         bfunari@mcguirewoods.com
                                                         gschmidt@mcguirewoods.com

                                                         Christopher M. Michalik
                                                         Admitted *Pro hac vice*
                                                         McGuireWoods LLP
                                                         One James Center
                                                         901 East Cary Street
                                                         Richmond, VA 23219
                                                         (804) 775-4343
                                                         cmichalik@mcguirewoods.com

                                                         *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following counsel of record the Court's ECF system this 5th day of October 2012:

> Adrian N. Roe, Esq.
> Adrian N. Roe P.C.
> Suite 1331 The Gulf Tower
> 707 Grant Street
> Pittsburgh, PA 15219
> (412) 434-8187
> aroe@roelawoffice.com
>
> Michael D. Simon, Esq.
> 2520 Mosside Boulevard
> Monroeville, PA 15146
> (412) 856-8107
> Mdsimon20@msn.com

       /s/ Brad A. Funari

42539838_2