IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOMINIC VARGAS, ANNE HICKOK**<br>*on behalf of themselves and all others similarly situated*,<br>       Plaintiffs,<br><br>       v<br><br>**GENERAL NUTRITION CENTERS, INC.**<br>*A Delaware Corporation and* **GENERAL NUTRITION CORPORATION,**<br><br>       Defendants. | 2:10-cv-867 |

## CASE MANAGEMENT/SCHEDULING ORDER REGARDING FINAL CERTIFICATION/DECERTIFICATION DISCOVERY

AND NOW, this 26th day of November 2013, upon consideration of the JOINT STATUS REPORT REGARDING FINAL CERTIFICATION/DECERTIFICATION DISCOVERY, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

**I.    Written Discovery to be Provided by GNC**

   **A. Documents as to the Opt-in Plaintiffs:** Defendants General Nutrition Centers, Inc. and General Nutrition Corporation (collectively, "GNC") shall produce the following documents as to all Opt-in Plaintiffs:

   1. Time Records consisting of the Final Payroll Report ("FPR"), Adjusting Time Entry Spreadsheet, Final Daily In/Out Report, and Daily and Week-Ending Payroll Reports. Only records from each Opt-in Plaintiff's period as a store manager/senior store manager during the referenced period shall be produced;

   2. Store Security System Records, if applicable;

   3. Written warnings, separations reports, and Loss Prevention Reports, including all investigative materials, if applicable;

   4. To the extent that an Opt-In was terminated by GNC or resigned and his/her separation was re-characterized for any reason, paperwork including all communications among GNC management personnel relating to the re-characterization of the Opt-in Plaintiff's termination; and

5. Documents sufficient to determine budgeted labor hours for each store in which an Opt-in Plaintiff that has been or will be deposed worked during the class period.

**B. Documents and Information Regarding the Operations of GNC**

1. GNC shall produce documents for the remaining stores in Divisions 1 and 2 responsive to Requests Nos. 2 and 3 as set forth in the May 10, 2011 Order of Court (ECF No. 43) entered by Judge William L. Standish;

2. To the extent that management level employees (*i.e.*, those above Senior Store Managers) are evaluated on or otherwise incentivized regarding labor costs within their respective territories, GNC will produce documents reflecting that criteria and performance evaluations for those Regional Sales Directors ("RSDs") and District Sales Directors ("DSDs") in Divisions 1 and 2 who were evaluated on that criteria during the referenced period; and

3. GNC shall identify by name, division, sales district and geographic area, each DSD employed by GNC during 2010, 2011, and 2012.

**II. Written Discovery to be Served by GNC on the Opt-in Plaintiffs**

**A. Representative Sample:** GNC may serve written discovery on not more than one-hundred (100) Opt-in Plaintiffs.

**B. Limitations:** Each set of written discovery served on an Opt-in Plaintiff shall be limited as follows**:**

1. Not more than ten (10) interrogatories;

2. Not more than five (5) document requests; and

3. Not more than three (3) requests for admissions.

**III. Deposition Discovery**

**A. Plaintiffs:** Plaintiffs may take the following depositions:

1. Not more than fifteen (15) depositions of GNC personnel (other than managers), to include:

    a. Not more than eleven (11) depositions at or below the level of DSD; and

    b. Not more than four (4) depositions of management level employees above the level of DSD.

    2. A Rule 30(b)(6) deposition which shall be limited to the topics covered in the prior Rule 30(b)(6) deposition notices but shall include all states within Divisions I and II. By agreement of the parties, the prior Rule 30(b)(6) notices encompass the topic of off the clock work, GNC's awareness of off the clock work, and any action taken by GNC to address the issue of off the clock work.

    3. Six (6) depositions of managers and/or senior store managers.

  **B. GNC:** GNC may take the depositions of an additional thirty-seven (37) Opt-in Plaintiffs.

  **C. All Parties:**

    1. In addition to the deposition discovery authorized as to Plaintiffs and GNC in this Order, any party may complete a deposition commenced during the mediation phase of this action.

    2. In conjunction with any deposition, all parties may serve subpoenas duces tecum and/or document requests calling for the production of documents that may be relevant to the particular deposition. Any party may object to such additional discovery and any unresolved objections shall be presented to the Court. **The parties shall meet and confer, and make a good faith attempt to resolve any objection(s), before presenting the matter to the Court.**

**IV. Discovery Timeframe**

  **A. Discovery Deadline:** The discovery period shall extend for a period of seven (7) months from date of entry of this Order to Thursday, June 26, 2014. All interrogatories, depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed and depositions taken prior to the close of discovery.

  **B. Post-Discovery Status Conference:** The Court shall conduct a post-discovery status conference on Friday, June 27, 2014 at 9:30 AM to discuss a briefing schedule for final certification/decertification. Counsel shall instruct their clients or principals to attend or be available by telephone to facilitate the amicable resolution of the litigation. **Trial counsel must attend**.

**V. Reservation of Rights.** Except to the extent expressly authorized in this Order, all potential objections to discovery are reserved. The parties may seek additional discovery for good cause shown.

                                            BY THE COURT:

                                            s/Terrence F. McVerry
                                            United States District Judge

cc: **Adrian N. Roe, Esquire**
Email: aroe@roelawoffice.com
**Andrew G. Nagurney, Esquire**
Email: dnagurney@roelawoffice.com
**Michael D. Simon, Esquire**
Email: MDSimon20@msn.com

**Gordon W. Schmidt, Esquire**
Email: gschmidt@mcguirewoods.com
**Brad A. Funari, Esquire**
Email: bfunari@mcguirewoods.com
**Christopher M. Michalik, Esquire**
Email: cmichalik@mcguirewoods.com

(via CM/ECF)