# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOMINIC VARGAS, ANNE HICKOK** *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> **GENERAL NUTRITION CENTERS, INC.** *A Delaware Corporation and* **GENERAL NUTRITION CORPORATION,** <br><br> Defendants. | 2:10-cv-867 |

## MEMORANDUM ORDER

Pending before the Court is a MOTION FOR AN ORDER TO SHOW CAUSE WHY CERTAIN PLAINTIFFS SHOULD NOT BE DISMISSED FOR FAILURE TO COOPERATE WITH DISCOVERY (ECF No. 157) filed by Plaintiffs Dominic Vargas and Ann Hickok on behalf of themselves and all others similarly situated; and DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE OPT-IN PLAINTIFFS (ECF No. 163) filed by General Nutrition Centers, Inc. and General Nutrition Corporation (collectively, "GNC") with brief in support (ECF No. 164). GNC and Plaintiffs have both filed responses. (ECF Nos. 160, 166). For the reasons that follow, Plaintiffs' motion is **GRANTED** and GNC's motion is **DENIED**.

On November 26, 2013, this Court entered a Case Management/Scheduling Order Regarding Final Certification/Decertification Discovery. (ECF No. 142). Relevant here, the Court permitted GNC to serve written discovery on not more than one-hundred Opt-in Plaintiffs and to take the depositions of an additional thirty-seven Opt-in Plaintiffs. According to the parties, nineteen of those Opt-in Plaintiffs (the "Non-Responsive Opt-ins") who have been

served with written discovery requests and/or served with a notice of deposition have failed to participate in this phase of the litigation.[1]

Plaintiffs now move for an order to show to show cause why the Non-Responsive Opt-ins should not be dismissed with prejudice for their failure to participate in discovery. Counsel for the collective concedes that some of the Non-Responsive Opt-ins may no longer wish to participate in this litigation but expresses concern that others may not appreciate the seriousness of the discovery process or that they have not received certain correspondences. Moreover, counsel notes that "extensive efforts to contact such persons" have been made but that those efforts have been mostly unsuccessful. Accordingly, counsel asks that this Court afford the Non-Responsive Opt-ins thirty days to provide an explanation or to answer the discovery.

GNC opposes this request and seeks the dismissal of the Non-Responsive Opt-ins. GNC argues that the Non-Responsive Opt-ins' so-called recalcitrance indicates their desire to no longer participate in this litigation and that further delay in this action will only waste additional time and resources of the parties and the Court.[2] GNC further contends that it will be prejudice by any remedy short of immediate dismissal based on its efforts to determine which opt-ins to

---

1. The Non-Responsive Opt-ins include the following individuals: (1) Lindsay Alves, (2) Meredith Ames, (3) Chelsey Bertrand, (4) Douglas Christensen, (5) Eric Daneault, (6) LaShaunda Davis, (7) Brandon Dickens, (8) Ferdinand Escano, (9) Jeremy Lander, (10) Jesse Mack, (11) Sarah Mazzio, (12) Natalie Mell, (13) Heather Pachasa, (14) Kimberly Pantke, (15) Jeremy Plymel, (16) Barbara Robinson (Latta), (17) Barbara Faye Stroman, (18) William Vital, and (19) Patrick Kevin Walker. GNC also lists Neil Formisano and Wilson Dolph as Non-Responsive Opt-ins, but it has apparently withdrawn its motion as to Dolph subject to certain agreed-upon conditions and indicated that it may enter into a similar arrangement as to Formisano. *See* Pls.' Resp. at 1-2 n.1, ECF No. 166. This Memorandum Order applies with equal force to Formisano if the parties do not reach an agreement.

2. GNC highlights that it has received written discovery responses from only seven of the fifty-nine Opt-in Plaintiffs it has served; that six of the Non-Responsive Opt-ins have either failed to appear at a deposition or cancelled his or her appearance; that two additional Opt-in Plaintiffs failed to show for their depositions despite having confirmed their appearance; and that several Opt-in Plaintiffs have engaged in repeated abuses of the discovery process which include refusing to stay for a deposition through its completion and requiring a deposition to be taken over three consecutive days in one-and-one-half hour increments. The Court finds the conduct of those Opt-in Plaintiffs troubling.

depose and its extensive preparation for those depositions.  Although GNC's position has merit, the Court will not dismiss the Non-Responsive Opt-ins at this time.

"There is scant case law concerning the appropriate sanction for opt-in Plaintiffs who fail to respond to individualized discovery authorized by the court in an FLSA action."  *Davis v. Westgage Planet Hollywood Las Vegas*, LLC, 2:08-CV-00722, 2010 WL 5490775, at *3 (D. Nev. Nov. 8, 2010).  However, those courts which have weighed-in on this issue have generally provided notice to non-responsive Opt-in Plaintiffs of the available sanctions for their apparent refusal to participate in the discovery process or have entered an order to show cause why their claims should not be dismissed.  *See, e.g.*, *Dinkel v. Medstar Health Inc.*, -- F.R.D. --, CV 11-0998 (CKK), 2014 WL 2885692, at **4-7 (D.D.C. June 26, 2014) (explaining that it would provide opt-in Plaintiffs a final thirty-day extension in which to comply with their discovery obligations and to show causes why their claims should not be dismissed); *Hinterberger v. Catholic Health Sys., Inc.*, 284 F.R.D. 94, 104 (W.D.N.Y. 2012), *reconsideration denied*, 08-CV-380S F, 2012 WL 4800973 (W.D.N.Y. Oct. 9, 2012) ("With regard to Defendants' request to dismiss the FLSA claims as to all randomly-selected opt-in Plaintiffs in both the first and second sample groups who have failed to comply with Defendants' discovery requests, the sanction of dismissal is extremely harsh and rarely imposed for a first discovery violation.")*; see also Walters v. Am. Coach Lines of Miami, Inc.*, 07-22000-CIV, 2009 WL 8694737 (S.D. Fla. May 12, 2009) ("When faced with FLSA class members who have failed to respond to discovery requests, many courts have refused to impose the most drastic of sanctions—dismissal.").  This Court will follow that approach.

The Non-Responsive Opt-ins are, therefore, granted <u>twenty-one days</u> from the entry of this Memorandum Order to show cause why their respective claims should not be dismissed with

prejudice for failure to cooperate in the discovery process. Any Non-Responsive Opt-in who seeks to remain as a party-plaintiff in this collective action shall promptly comply with any outstanding discovery request(s) and/or make arrangements to appear for a deposition. Each Non-Responsive Opt-in shall further provide to Plaintiffs' counsel a written explanation for their prior failure to respond to or participate in discovery, which shall be produced to GNC forthwith. Failure to do so may result in dismissal with prejudice or other appropriate sanctions. The parties shall thereafter meet and confer in good faith to identify which parties—if any—may remain as a plaintiff in this case. The Court strongly encourages counsel to work together should any issue arise in order to expedite this phase of the litigation and to prevent further delay.

Based on the foregoing, the Court hereby extends the existing discovery deadline of September 24, 2014 to on or before October 15, 2014. The post-discovery status conference scheduled for October 8, 2014 at 10:00 AM is also continued to October 16, 2014 at 9:30 AM in Courtroom 6C, United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

**SO ORDERED**, this 27th day of August, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Adrian N. Roe, Esquire**
Email: aroe@roelawoffice.com
**Michael D. Simon, Esquire**
Email: MDSimon20@msn.com
**Andrew G. Nagurney, Esquire**
Email: dnagurney@roelawoffice.com

**Gordon W. Schmidt, Esquire**
Email: gschmidt@mcguirewoods.com
**Brad A. Funari, Esquire**
Email: bfunari@mcguirewoods.com
**Christopher M. Michalik, Esquire**
Email: cmichalik@mcguirewoods.com

4