IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOMINIC VARGAS** *and* **ANNE HICKOK** *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> **GENERAL NUTRITION CENTERS, INC.** *and* **GENERAL NUTRITION CORPORATION,** <br><br> Defendants. | 2:10-cv-867 |

## MEMORANDUM ORDER

Pending before the Court is a JOINT MOTION TO PERMIT FILING UNDER SEAL OF SETTLEMENT AGREEMENT AND COUNSELS' DECLARATIONS AND WITHOUT PUBLIC FILING OF REDACTED VERSIONS (ECF No. 206). For the reasons that follow, the motion is **DENIED**.

"Because of the public interest in FLSA rights, there are only two ways that FLSA claims can be settled or compromised by employees: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); or (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b)." *Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. Feb. 26, 2014) (citing *Lynn's Food Stores Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)). In the latter situation, "a district court may enter a stipulated judgment after determining that the proposed settlement 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Dino v. Pennsylvania*, 1:08-CV-01493, 2013 WL 4041681, at *3 (M.D. Pa. Aug. 8, 2013) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1352).

"Where, as here, the FLSA settlement is submitted to the court for approval, the approval process is a judicial act." *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 639 (E.D.N.Y.

2012). And "by being the subject of interpretation by the Court, FLSA settlement agreements become judicial records." *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012). As such, FLSA settlements are "subject to the right of access doctrine and available to the public unless the parties make a showing sufficing to override the strong presumption of access." *Id.* (citation omitted); *see also Hens v. Clientlogic Operating Corp.*, No. 05–381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010) (collecting cases) ("Numerous circuit and district courts have concluded that a settlement agreement submitted to the court for consideration and approval is a judicial record and, thus, the presumption of public access attaches.").

The parties in this case have apparently cast aside that body of law and have instead filed a joint motion to file their settlement agreement and release under seal, citing their mutual understanding that those documents "should be deemed confidential." A stipulation to seal will not, however, overcome the strong presumption. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 338 (S.D. N.Y. 2012). Nor will the "the mere fact that the settlement agreement contains a confidentiality provision." *Id.* (citing *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011)). "This is for good reason, as the presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties in keeping their settlement private." *Id.*

Accordingly, the parties have not made a sufficient showing to override the strong presumption in favor of the public's right of access.

**SO ORDERED**, this 20th day of March, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Adrian N. Roe, Esquire**
Email: aroe@roelawoffice.com
**Michael D. Simon, Esquire**
Email: MDSimon20@msn.com
**Andrew G. Nagurney, Esquire**
Email: dnagurney@roelawoffice.com

**Gordon W. Schmidt, Esquire**
Email: gschmidt@mcguirewoods.com
**Brad A. Funari, Esquire**
Email: bfunari@mcguirewoods.com
**Christopher M. Michalik, Esquire**
Email: cmichalik@mcguirewoods.com

(via CM/ECF)